UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DAVID DELAGO,                )
                             )
            Plaintiff,       )
v.                           )   No.: 15-cv-1180-SLD
                             )
SALVADOR GODINEZ, et al.,    )
                             )
            Defendants.      )

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action against former IDOC Director Salvatore Godinez, Warden Randy Pfister, Assistant Warden Guy Pierce, IDOC staff counsel, Michael Jadron, Officer Pope, Lieutenant Hitchens, Lieutenant Forest, Officer Riccolo and Sergeant Morning. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).

Plaintiff alleges violations of his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights as well as Equal Protection and rights under the Geneva Convention. Plaintiff is incarcerated at the Pontiac Correctional Center which apparently does not allow contact visits. Plaintiff is represented by counsel in the appeal of his criminal conviction and must meet with counsel in a booth, with a glass wall between them. They speak through a microphone system where their conversations may, allegedly, be overheard by others. If Plaintiff and his attorney wish to review documents, a guard must take the documents from one side to the other; the

attorney must mail them in advance; or the documents must be held up to the glass.  Plaintiff claims a constitutional right to contact visits with counsel and alleges that the non-contact policy restricts his meaningful access to the courts.

Plaintiff claims, further, that on a single occasion his legal mail was opened outside of his presence.  On another occasion mailroom staff refused to mail a manila envelope to his attorney, claiming that the address was "illegal".  Plaintiff claims, further, that on 5/16/15, Defendant Pope told his attorney that the visit had to conclude by 2:30 p.m.  Defendants Hitchens and Forest subsequently entered the booth, without knocking, and ended the visit.  Finally, he claims that Officer Riccolo and Sgt. Morning threatened to write him a disciplinary ticket if he continued to insist on contact visits with counsel.  Plaintiff requests compensatory and punitive damages as well as injunctive and declaratory relief.

Plaintiff's belief that he has a constitutional right to contact visits with counsel is simply not correct.  In *Block v. Rutherford*, 468 U.S. 576, 576-77 (1984) the Court upheld a jail's prohibition on all contact visits.  The Court reasoned:

> [t]here are many justifications for denying contact visits entirely, rather than attempting the difficult task of establishing a program of limited visits such as that imposed here. Nothing in the Constitution requires that detainees be allowed contact visits; responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility and other persons.

In *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003), the high court noted that freedom of association is often incompatible with incarceration.  It upheld the complete ban by the Michigan Department of Corrections on; visitation by minor nieces and nephews where parental rights had been terminated, visitation by former inmates, and a two year ban on visitation for inmates with two or more substance-abuse violations.  It found, "[w]e must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining

the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them. … The burden, moreover, is not on the State to prove the validity of prison regulations but on the prisoner to disprove it". *Id.* at 132.

While Illinois statute guarantees inmates the right to receive visitors, that right is not unqualified.[1] *See Parker v. Snyder*, 352 Ill. App. 3d 886, 889 (Ill. App.Ct. 4th Dist. 2004), "[t]he plain language of section 3–7–2(f) does not grant unrestricted visitation; it merely allows inmates to receive visitors, and even then just to the extent it does not hinder the safety or security of the institution or facility." Here, Plaintiff doesn't claim that he was denied visits by counsel, only that he was denied contact visits with counsel. *See Robinson v. Illinois State Corr. Ctr. (Stateville) Warden*, 890 F. Supp. 715, 719 (N.D. Ill. 1995)(inmate failed to state claim for reduction in visitation time where he was not denied all visitation or denied the right to see particular visitors). *Id.* at 715. To the extent that Plaintiff alleges violations of his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights based on the denial of attorney contact visits, these claims are DISMISSED, with prejudice.

On May 16, 2013 Defendant Pope allegedly told Plaintiff's counsel that their visit would have to end by 2:30 p.m. Subsequently, Defendants Hitchens and Forest entered the conference room where Plaintiff was meeting with his attorney, and terminated the visit. The Complaint indicates that counsel told Plaintiff that he would return at a later time and Plaintiff, did in fact, meet with counsel on subsequent occasions.

---

[1] 730 ILCS 5/3-7-2(f): All of the institutions and facilities of the Department shall permit every committed person to receive visitors, except in case of abuse of the visiting privilege or when the chief administrative officer determines that such visiting would be harmful or dangerous to the security, safety or morale of the institution or facility. The chief administrative officer shall have the right to restrict visitation to non-contact visits for reasons of safety, security, and order, including, but not limited to, restricting contact visits for committed persons engaged in gang activity.

While Plaintiff asserts interference with his right to counsel, he admits to meeting with counsel on this, and subsequent dates. The Fourteenth Amendment guarantees meaningful access to courts, [and] ... the opportunity to communicate privately with an attorney is an important part of that meaningful access." *Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). An access to courts claim must allege a detriment to ongoing litigation. *Id.* at 802. As Plaintiff alleges no any detriment, this claim is DISMISSED though Plaintiff will be given leave to amend.

Plaintiff claims that on February 15, 2013, Defendants opened a letter from his attorney, outside of his presence. Additionally, on March 4, 2013, the mailroom staff refused to mail a manila envelope to his attorney because the address was "illegal". These two incidents, however, are not enough to state a denial of meaningful access to the courts. The unjustified opening of mail from an attorney is actionable only if it has hindered an ongoing claim. *Guajardo-Palma* at 802. Similarly, "…merely alleging an isolated delay or some other relatively short-term ... disruption in the delivery of inmate reading materials will not support ... a cause of action …" *Shatner v. Atchison*, No. 13-00599, 2013 WL 3771541, at *9 (S.D. Ill. July 17, 2013). *See also, Shango v. Jurich,* 965 F.2d 289, 291 (7th Cir. 1992) (Plaintiff must allege detriment). Accordingly, this claim is DISMISSED, with prejudice.

Plaintiff claims that unspecified defendants "lied" when they told him his grievances were filed too late. He complains, also, that they failed to respond to his grievances regarding the denial of attorney contact visits. Plaintiff, however, does not have a constitutional right to a grievance process. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Furthermore, prison officials incur no liability under § 1983 if they fail or refuse to investigate grievances. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). This claim is DISMISSED, with prejudice.

Plaintiff appears to allege retaliation for Defendants Riccolo and Morning threatening him with discipline if he continued to demand contact visits. Defendants are liable for retaliation only if their actions were in response to Plaintiff's exercise of a constitutionally protect right. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, Plaintiff does not have a constitutional interest in attorney contact visits so there was no constitutional exercise against which Defendants were retaliating. This claim is DISMISSED, with prejudice.

Plaintiff's Equal Protection claim also fails as he alleges that Defendants were acting pursuant to a prison-wide policy of non-contact visitation. Plaintiff cannot claim that he received disparate treatment compared to other similarly situated prisoners; or that he was arbitrarily singled out for unfair treatment, where the complained-of conditions which were imposed on all inmates. *Abcarian v. McDonald,* 617 F.3d 931, 938 (7th Cir. 2010).

Lastly, Plaintiff does not have standing to assert a claim under the Geneva Convention as there is no declared war between the United States and his country of origin, Mexico. Article 2 of the Geneva Conventions limits the application to "cases of declared war or of any other armed conflict which may arise between two or more of the High Contracting Parties." *Hamdan v. Rumsfeld*, 548 U.S. 557, 628-31 (2006). Furthermore, "[t]he courts have consistently held that the Geneva Conventions and Protocol I are not self-executing and, thus, provide no basis for the enforcement of private rights in domestic courts." *United States v. Fort*, 921 F. Supp. 523, 526 (N.D. Ill. 1996). This claim is DISMISSED, with prejudice.

Plaintiff states a colorable access to courts claim for the early termination of his May 16, 2013 visit with his attorney. The remainder of his claims are DISMISSED, with prejudice.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's claims for attorney contact visits, interference with mail, rights to a grievance process, retaliation, and violations under the Equal Protection Clause and the Geneva Convention are DISMISSED, with prejudice, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to these claims would be futile as they do not implicate recognized constitutional rights.

2) Defendants Godinez, Pfister, Pierce, Jadron, Riccolo and Morning are DISMISSED. The Clerk is directed to TERMINATE them as parties.

3) Plaintiff's claim that Defendants Pope, Hitchens and Forest interfered with his access to courts by terminating the May 16, 2015 visit with his attorney is DISMISSED. Plaintiff is given 30 days in which to replead this claim, only. If Plaintiff chooses to replead, he is to identify the Complaint as a First Amended Complaint. The amended complaint will replace Plaintiff's original complaint in its entirety and must be complete on its own, without reference to any other pleading. Piecemeal amendments are not accepted.

4) Failure to file an amended complaint within 30 days will result in the dismissal of this case, without prejudice, for failure to state a claim.

5) Plaintiff files a Motion for Appointment of Counsel [5] indicating that he has contacted two attorneys' offices, requesting representation. In considering Plaintiffs Motion, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Even though Plaintiff has not demonstrated that he made a reasonable attempt to obtain counsel on his own, the Court will

consider the second part of the inquiry; does the plaintiff appear competent to litigate it himself? The complaint contains a statement from Plaintiff's appellate attorney attesting that Plaintiff "has become a paralegal and he has prepared his second Post Conviction Hearing." [ECF 1 p. 23]. The Court finds that Plaintiff is competent to represent himself at this stage of the proceedings. [5] is DENIED.

      6) Plaintiff files a Motion for Appointment of an Interpreter [6].  The Court notes that Plaintiff has filed a 45 page handwritten complaint with over 50 additional pages of attachments.  His complaint is well written, grammatically correct and alleges numerous, complex constitutional violations.  While the Court has no opinion as to the quality of Plaintiff's spoken English, it is clear that he can communicate effectively in writing.  [6] is DENIED, with leave to reassert.

      7) Plaintiff's Motions for Status [9], [10] and [12] are rendered MOOT by this Order.

  __11/6/2015__                                                  _s/Sara Darrow_
ENTERED                                                  SARA DARROW
                                                       UNITED STATES DISTRICT JUDGE